HADLEY *v.* FISH.

The common law writ of error does not lie except in cases when final judgment has been rendered in proceedings after the course of the common law.

*Error to the Probate Court of Clear Creek County.*

UPON suggestion the only point presented was, whether in this matter a writ of error would lie to remove the

record of proceedings in this behalf out of the probate court.

Mr. CHARLES C. POST, for plaintiff in error.

Mr. HUGH BUTLER, for defendant in error.

A. W. STONE, J. A preliminary question is raised in this case as to the power of this court to entertain this writ of error.

The proceedings in the court below were commenced under section 53 of chapter 28, Revised Statutes, to contest the right of the defendant in error to hold the office of justice of the peace in the county of Clear Creek, to which office he had been declared duly elected at an election held on the 10th day of September, 1872.

The testimony was taken as required by statute, and sent to the probate court of Clear Creek county to hear and determine the contest.

The probate court dismissed the case for want of jurisdiction, exceptions were taken, and a writ of error sued out. This is a special proceeding by virtue of a new jurisdiction created by statute, and this court is not invested by the legislature with any supervisory jurisdiction of the probate court in such a case.

The probate court, when the evidence is taken by the justice of the peace, and is sent to it, is to hear and decide the contest.

It is a summary proceeding not in accordance with the course of the common law.

When a new jurisdiction is created, and the court is to act in a summary way, in a new course different from the course of the common law, a writ of error will not lie. 2 Tidd's Practice (3d Am. Ed.) 1134; *Campbell* v. *Strong,* Hempsted, 195.

The common law writ of error does not lie, except in cases where final judgment has been rendered in proceedings after the course of. the common law. *Baxter* v. *Colum-*

*bia Township*, 16 Ohio, 57 ; *Savage Manufacturing Co.* v.
*Owings*, 3 Gill, 497 ; *Aurentz* v. *Porter*, 48 Penn. St. 335 ;
*State* v. *Boyle*, 25 Md. 509 ; *Costen* v. *Costen*, id. 500.

The right to a writ of error gives the right to a superse-
deas ; as a consequence the decision of the contest might be
postponed until the term of office had expired, and the
whole object of the laws be thereby defeated.

A writ of error does not lie in this case, and the case is
dismissed with costs.

*Dismissed.*