Per Curiam.
This motion to dismiss is' principally based on the form of the judgment. It was for costs, and, of course, was not for $100, nor did it involve a franchise or a freehold. Motions to dismiss appeals on this ground are so frequently made, we deem it best to express our views respecting this class of applications. Under section 388 of the code of 1887, appeals were only allowed to the supreme court when the judgment or decree was final and amounted to $100, exclusive of costs, or related to a franchise or freehold. Ever since the court of appeals was created, it has been assumed by many courts and a large number of the profession that this limitation was applicable to appeals to this tribunal. Neither of the appellate courts accept this doctrine. The act of 1891, which created the court, gave it general jurisdiction to review final judgments of courts of record in all civil cases. We are not concerned with the distinction between the final and the intermediate jurisdiction. The latter permits parties to bring cases here of which the supreme court has the power of ultimate review. The act in effect repealed section 388 in so far as concerns the limitation of the right of appeal to judgments which in amount equal $100. This limit was raised to $2,500, and no appeal or writ of error can be prosecuted to the supreme court unless the judgment is in that sum or involves some of the *471 other questions which are preserved for the final determination of that tribunal. Regardless of this repeal, howevex-, we are of the opinion that the graxxt of jurisdiction to this court to review final judgments is made applicable in express terms to all civil cases wherein judgments have been rendered by courts of record. The third subdivision of section 4 provides that writs of error or appeals shall lie within the same time and in the same manner as may be provided by law for such reviews by the supreme coui-t. This is the general language of this subdivision. We do not regard it as a limitation on the general grant of power contained in the first paragraph. It would be impossible so to construe it, for this would necessitate the conclusion that no appeal 'would lie to this court unless the judgmexxt should axnount to $2,500, or involved a franchise or freehold. By necessary implication, the act of 1887 was repealed by the provision of the first section' of the act of 1891, and there is no other guide than the last named section by which the jurisdiction of the supreme court can be determined. Manifestly, then, this limitation as to time and xxxanner has no reference to the fundamental condition which controls the right of appeal. It simply relates to the procedure bjr which cases are brought to this tribunal for review. This is the natural, and we might almost say the necessaxy, construction of the act, and we have therefore uniformly held that appeals would lie to this court in all civil cases, regardless of the amount of the judgment, and subject only to the limitation that the judgment or decree is final and has been rendered by a court of record. In this opinion we have not discussed the criminal jurisdiction, and only incidentally referred to the matter of our jurisdiction which is not final.
What we have said is broad enough to indicate our views and serve to guide the nisi prius courts and the profession in the matter of appeals to this court.
For these reasons the motion to dismiss is denied.

Denied.