[No. 3696.]

PHILLIPS ET AL. v. CORBIN ET AL.

CITIES AND TOWNS—ANNEXATION OF CONTIGUOUS—JURISDICTION—
    APPEAL FROM COUNTY TO DISTRICT COURT.
Section 1085, Mills' Ann. Stats. which gives to district courts jurisdiction
    on appeal from all final judgments and decrees of the county courts,
    applies only to judgments of the county courts rendered in the ex-
    ercise of its ordinary civil jurisdiction. The district court has no
    appellate jurisdiction over a proceeding in the county court under
    Session Laws of 1893, page 451, providing for the annexation of con-
    tiguous towns and cities.

*Error to the Court of Appeals.*

THIS is a proceeding under the act "to provide for con-
tiguous towns and cities to become annexed." Session Laws,
1893, p. 451. On October 1, 1894, a petition signed by John
J. Phillips and thirty-seven others, who were electors and
taxpayers of the town of Colfax, was filed in the county
court of Arapahoe county, asking for an order requiring the
board of trustees of the town of Colfax to call an election to
determine the question whether such town should be dis-
solved, and the territory included therein be annexed to the
city of Denver.

The county court made the order, and in pursuance thereof
the board passed an ordinance calling an election. Notice
was given in conformity with the requirements of the statute,
and the election held on November 6, 1894. The result re-
ported to the court showed seventy-seven votes for annexation,
and sixty-four against. The defendants in error contested
the validity of the election, and upon trial in the county
court the following decree was rendered:

"The above entitled matter coming on to be heard this day
by the court, upon the report of John L. King, mayor, at-
tested by Maggie Ramsden, town clerk and recorder for the
town of Colfax, Colorado, and filed herein, the same being a

report of certain proceedings had in pursuance of the order
of this court made on the 1st day of October, A. D., 1894,
in said matter; and it appearing from said report that in
pursuance of said order a special election was called and
held in the town of Colfax aforesaid, on the 6th day of
November, A. D., 1894, for the purpose of submitting and de-
termining the question whether the town of Colfax aforesaid
should be dissolved and the territory included therein annexed
to the city of Denver aforesaid, and that at said election
seventy-seven ballots were cast 'For Annexation' and sixty-
four ballots were cast ' Against Annexation,' and that the re-
turns of said election were duly made and canvassed as required
by law with the above result; and it further appearing from
the certificate of the town clerk and recorder of the town of
Colfax aforesaid, that due notice of said election was given,
as by law provided; and that the court having heard and
considered the evidence now submitted concerning the regu-
larity or irregularity of said proceedings, and being now suf-
ficiently advised in the premises ;

" It is therefore ordered, adjudged and decreed, that all
proceedings in pursuance of said order of this court were and
are regular, and said proceedings and report should be and
the same are hereby approved; and that, by virtue of said
proceedings and of this order and decree, the town of Colfax
aforesaid is dissolved, and the territory included within the
boundaries of the town of Colfax aforesaid is annexed to and
a part of the city of Denver."

From this decree contestants prosecuted an appeal to the dis-
trict court, and upon a trial *de novo* in that court the follow-
ing judgment was rendered:

" This cause coming on to be heard this day by the court
upon the report of the mayor and clerk of the town of Col-
fax, showing the result of the special election held in the
town of Colfax on November 6, 1894, upon the question of
annexation of the said town to the city of Denver, and upon
the evidence and upon the protest heretofore made by the
protestants therein, and the several amendments thereto and

the several answers of the original petitioners and of the
town of Colfax aforesaid, and upon the evidence heretofore
produced in open court and upon the arguments of counsel,
and the court being now sufficiently advised in the premises,
it is ordered, adjudged and decreed, that the proceedings in
the matter of said election were and are. irregular, and that
said report should be and the same is hereby disapproved by
the court."

To this judgment the petitioners prosecuted a writ of error
from the court of appeals, which court affirmed the judgment
of the district court. To review this latter judgment the
petitioners prosecute this writ of error.

Mr. F. A. WILLIAMS and Mr. G. Q. RICHMOND, for plain-
tiffs in error.

Mr. GEORGE N. HURD, for defendants in error.

Mr. JUSTICE GODDARD delivered the opinion of the court.

The first and principal ground of error relied on for rever-
sal of the judgment of the district court in the court of ap-
peals and also in this court, is that the judgment is void
because that court was without jurisdiction to entertain the
appeal from the county court. In our opinion this objection
presents the controlling question in the case. Its solution
depends upon the effect to be given to section 5 of chap. 22,
General Laws, 1877, appearing as section 499, General Stat-
utes, 1883, as amended in section 1, Session Laws, 1885, p. 158
(sec. 1085, Mills' Ann. Stat.), which reads as follows:

"Appeals may be taken to the district court of the same
county, from all final judgments and decrees of the county
court, except judgments by confession, by any person ag-
grieved by any such final judgment, or decree; *Provided*,
That no appeal shall be taken from a judgment by default, or
of nonsuit;" etc.

It is contended by counsel for defendants in error, and this

view was adopted by the court of appeals, that this provision confers the right of appeal from a judgment of the county court, rendered in proceedings of this character; while counsel for plaintiffs in error insist that the appeals provided for thereby are from judgments rendered by the county court in civil actions. To ascertain the true meaning and intent of this provision it is necessary to construe it in connection with other provisions in the act of 1877, wherein it originally appears. By section 1 concurrent jurisdiction with the district court was conferred upon county courts " in all civil actions, suits and proceedings whatsoever, where the debt, damage or claim, or the value of the property involved, shall not exceed $2,000." By section 14 (sec. 1097, Mills' Ann. Stat.) express provision is made for taking appeals to the district court from judgments and orders entered in probate proceedings. It is evident, therefore, that by the enactment of this section the legislature had not intended to provide, by section 5, for appeals in such proceedings, but that it had reference only to appeals from judgments which were rendered by the county court in the exercise of the jurisdiction conferred by section 1; that is, a " civil action, suit or proceeding." In *Lusk v. Kershow*, 17 Colo. 481, this court had these two sections under consideration; and in speaking of section 5 as amended in 1885, said:

" An examination of the act of 1885 shows conclusively that it relates exclusively to appeals from judgments of the county court, rendered in the exercise of its ordinary civil jurisdiction. We are therefore of the opinion that at the time this appeal was taken, as at present, two methods of taking an appeal, at least, were provided for by our statutes. One relating to and fixing the procedure in appeals in ordinary civil cases; the other, prescribing the manner of perfecting appeals from judgments and orders entered in probate proceedings."

By section 8 of the Annexation act of 1893 original jurisdiction is conferred upon the county court to determine the regularity of the annexation proceedings. After providing

for the filing of a report of such proceedings with the clerk of the county court, it enacts:

" The court shall examine the report and hear any evidence that may be offered concerning the regularity or irregularity of the proceedings, and if satisfied that the proceedings are regular, shall approve the report. From and after the approval of the same such town or city previously existing under general laws shall be dissolved, and the territory then included within the boundaries thereof shall thereby be and become annexed to and part of the city existing under special charter."

While the county court is thus designated as the tribunal to hear any contest that may arise over the regularity of the proceedings, and its determination constitutes a final judgment that may be reviewed by this court, as held in *Martin v. Simpkins*, 20 Colo. 438, it does not follow from the doctrine of that case that a trial *de novo* may be had in the district court upon appeal from such judgment. As was said in that case:

" The proceeding which the statute requires shall be instituted, carried on and consummated, as the means of dissolving one municipality and annexing the same to another, is unquestionably a special statutory proceeding, as distinguished from an ordinary action at law, or suit in equity."

No appeal from such judgment is provided for in the act itself, and there is no constitutional right to an appeal from the county court to the district court. Such right exists only when the legislature has expressly, or by clear implication, declared in its favor. *Callahan v. Jennings*, 16 Colo. 471. Being, therefore, a special proceeding, it does not fall, as we have seen, within the class of cases over which appellate jurisdiction is conferred upon the district court by the act of 1885. We think, therefore, that the court of appeals erred in holding that the district court had jurisdiction to render the judgment complained of.

As this view is decisive of the case upon this review, we are precluded from noticing the other questions presented. The judgment of the court of appeals is reversed and the

cause remanded, with direction to reverse the judgment of the district court, and direct a dismissal of the appeal.

*Reversed and remanded.*