[No. 2145.]

### SHAPTER v. THE COUNTY COURT OF ARAPAHOE COUNTY.

COURT OF APPEALS—JURISDICTION—APPOINTMENT OF CONSERVATOR FOR ESTATE OF LUNATIC.

The court of appeals has no jurisdiction to review by appeal a proceeding in the county court appointing a conservator for the estate of a lunatic.

*Petition in Mandamus.*

Mr. R. T. McNEAL and Messrs. WELLS, TAYLOR & TAYLOR, for petitioner.

Mr. GEORGE A. SMITH and Mr. ANDREW W. GILLETTE, for respondent.

BISSELL, P. J.

An application has been made by the petitioner for a peremptory writ of mandamus to be addressed to the county court. From an order appointing a conservator of his estate the petitioner prayed an appeal to this court which was denied. He tendered a bond which the court refused to file. He then petitioned this court for a writ of mandamus to compel the county court to allow his appeal and accept his bond. The alternative writ was issued. A demurrer was first filed and thereafter an answer tendered. The latter was attacked by motion. Doubtless much of it would have been necessarily stricken out had we reached any other conclusion than the one which we shall announce. Disregarding any irregularity or insufficiency in the pleading we come directly to the question whether on the application the petitioner is entitled to his peremptory writ.

An oral argument was ordered and the question has been very fully discussed by counsel in briefs and at the bar. . We are of the opinion it is a doubtful, and certainly a very debatable proposition whether this court, under the act constituting it, has power to issue the writ of mandamus, except in those cases of which we have obtained control, and where the writ applied for will be used for the sole and only purpose of aiding an already acquired appellate jurisdiction. The case wherein a conservator was appointed has never been filed in this court. The appeal has never been allowed or the bond approved. It cannot therefore be rightly said we have acquired jurisdiction. Whether in a case of which we undoubtedly had jurisdiction, and the party was denied the right of review, we would not then have authority to issue mandamus to enforce it, and compel the allowance of the appeal and the approval of the bond, we do not directly decide. It is a question which we prefer to leave open for

decision in a case which necessitates its absolute determination.

We are very clear the right of appeal does not exist in this case. The question has been substantially foreclosed by decisions of the supreme court. *Lusk v. Kershow et al.*, 17 Colo. 481; *Martin v. Simpkins et al.*, 20 Colo. 438; *Phillips v. Corbin et al.*, 25 Colo. 62. According to those decisions there is no right of appeal from final judgments rendered in county courts except in those cases wherein it is directly provided by the act giving the jurisdiction and the remedy or some other act which specifically grants the right to a review in some other tribunal. The learned court decided that the right of appeal from the county to the district court was directly limited to those actions or suits which were generically included within the term "civil actions." It disagreed with the construction which this court put on section 502 of the General Statutes of 1883, being section 1091 of Mills' Ann. Stats. When the *Phillips* case was before us we held this statute permitted appeals from all final judgments. The supreme court speaking by Mr. Justice Goddard in what to me is a very persuasive opinion, held that this right of appeal was limited to the class of actions of which the county court was given jurisdiction in the first section of the act. I am inclined to the opinion that this interpretation is wholly justified by the general rules concerning statutory construction and can be supported by strong reasons and conclusive arguments. We held the matter was concluded by the *Martin* case in the 20th Colorado which we followed. In that case this distinction was not noticed, nor was it brought to our attention in the *Phillips* case and we did not consider it. However this may be, as we read the latter decision, there must be found within the statute providing a remedy, a grant of the right of appeal to the tribunal which is claimed to have it, or if it is not found in that act, it must be found in some other general act conferring appellate jurisdiction. The statute providing for the appointment of a conservator of the estates of lunatics has been in force ever since the Revised

Statutes of 1868.  It preceded the passage of the enactment
giving jurisdiction to the county court, and otherwise pro-
viding for appeals from its judgments.  It contains no provi-
sion for an appeal to any other tribunal.  The proceeding is
summary though the issue is to be submitted to a jury.
Without reviewing the many cases to which our attention has
been called, it has been repeatedly held that appeals are stat-
utory unless there be constitutional provisions regulating them.
With this principle no well informed lawyer will contend.  It
is and always has been the law.  It follows there is no right of
appeal in this case unless it can be found in the statute cre-
ating this court.  This is the act of 1891.  Thereby the right
to an appeal to the supreme court was abridged and appeals
allowed to the court of appeals.  The phraseology of the stat-
ute conferring appellate jurisdiction on this court is some-
what peculiar.  We had occasion to construe it with reference
to the one hundred dollar clause in *Livermore v. Truesdell*,
7 Colo. App. 470.  Therein we held, and held properly, that
jurisdiction was granted to this court to review final judg-
ments in civil actions but not in all cases, as counsel construe
the opinion.  We find in the very language used a limitation
which was based on the phraseology of the act creating the
court.  Referring to the case it will be seen we say we have
jurisdiction to review final judgments in all " civil cases."
This language does not necessarily include special proceed-
ings.  The court did not intend to decide otherwise, nor as
we read it, did we determine any other proposition.  The
limitation is exactly adapted to the provisions of section 4 of
the act.  Laws of 1891, page 119.  Thereby this court is
given jurisdiction to review final judgments of all courts of
record in all civil cases, and in certain other cases which need
not be referred to.  It must be observed the grant of juris-
diction to this court does not *ex vi termini* give us jurisdic-
tion to review these special proceedings.  We took jurisdiction
in the Colfax annexation proceeding, to wit, the *Phillips* case,
for this precise question was not raised or suggested, nor
was it considered by this court, or by the supreme court on

the appeal. It may be true we have taken jurisdiction in other special proceedings where our authority has not been questioned. But the limitations on our jurisdiction, except as to the one question of amount, has never before been the subject of direct consideration by this court. Probably both the court and the profession were of the opinion that we had jurisdiction to review all final judgments rendered in all courts and it is quite possible that we might not before the *Phillips* case have made an exception had the matter been directly presented. But as the matter now stands, we must concede the law of this jurisdiction is there must be a distinct grant of appellate power, and it may not be inferred from the terms of an act unless essential to the exercise of the particular or general authority granted. The precise authority to review these judgments is not conferred by that act. The terms " civil actions," or " civil cases," or " actions at law and suits in equity " are thus construed in *Phillips v. Corbin.* We are therefore compelled to hold our jurisdiction limited by the term " civil actions " used in section 4, and since no right of appeal, or a right to review is given in the act providing for the appointment of a conservator, we are without authority to hear and determine an appeal in such a case.

We do not hesitate to reach this conclusion because it is very plain from the *Martin* case, the petitioner is not without remedy and may obtain a review of the proceedings. He may sue out a writ of error to the supreme court. It was preserved by a constitutional provision and it is likewise preserved by the terms of the act creating this court. The right to apply to that court for mandamus is also unquestioned, and notwithstanding the proceedings in this court, he may go into that tribunal, file his application for the writ, and obtain its opinion whether an appeal lies to this court. If it does a peremptory writ would issue to compel the county court to grant the appeal and approve the bond which has been tendered, it being in form and substance sufficient. Under these circumstances we shall deny the writ and dismiss the application. We do it with an express reservation to the peti-

tioner of the right to withdraw the papers in this court if he be so advised, and with the right so far as we are able to give it to him, to apply to the supreme court either for a writ of mandamus or *certiorari*, or for a writ of error as he may be advised. We put this reservation directly in the order that it may not be urged that the petitioner is concluded by these proceedings. We are very anxious to preserve and protect any rights he may have, but since we are of the opinion the appeal does not lie we must deny the application.

*Application denied.*