Bissell, P. J.
An application has been made by the petitioner for a peremptory writ of mandamus to be addressed to the county court. From an order appointing a conservator of his estate the petitioner prayed an appeal to this court which was denied. He tendered a bond which the court refused to file. He then petitioned this court for a writ of mandamus to compel the county court to allow his appeal and accept his bond. The alternative writ was issued. A demurrer was first filed and thereafter an answer tendered. The latter was attacked by motion. Doubtless much of it would have been necessarily stricken out had we reached any other conclusion than the one which we shall announce. Disregarding any irregularity or insufficiency in the pleading 0we come directly to the question whether on the application the petitioner is entitled to his peremptory writ.
An oral argument was ordered and the question has been very fully discussed by counsel in briefs and at the bar. . We are of the opinion it is a doubtful, and certainly a very debatable proposition whether this court, under the act constituting it, has power to issue the writ of mandamus, except in those cases of which we have obtained control, and where the writ applied for will be used for the sole and only purpose of aiding an already acquired appellate jurisdiction. The ’case wherein a conservator was appointed has never been filed in this court. The appeal has never been allowed or the bond approved. It cannot therefore be rightly said we have acquired jurisdiction. Whether in a case of which we undoubtedly had jurisdiction, and the party was denied the right of review, we would not then have authority to issue mandamus to enforce it, and compel the allowance of the appeal and the approval of the bond, we do not directly decide. It is a question which we prefer to leave open for *486 decision in a case which necessitates its absolute determination.
We are very clear the right of appeal does not exist in this case. The question has been substantially foreclosed by decisions of the supreme court. Lusk v. Kershow et al., 17 Colo. 481; Martin v. Simpkins et al., 20 Colo. 438; Phillips v. Corbin et al., 25 Colo. 62. According to those decisions there is no right of appeal from final judgments rendered in county courts except in those cases wherein it is directly provided by the act giving the jurisdiction and the remedy or some other act which specifically grants the right to a review in some other tribunal. The learned court decided that the right of appeal from the county to the district court was directly limited to those actions or suits which were generically included within the term “ civil actions.” It disagreed with the construction which this court put on section 502 of the General Statutes of 1883, being section 1091 of Mills’ Ann. Stats. When the Phillips case was before us we held this statute permitted appeals from all final judgments. The supreme court speaking by Mr. Justice Goddard in what to me is a very persuasive opinion, held that this right of appeal was limited to the class of actions of which the county court was given jurisdiction in the first section of the act. I am inclined to the opinion that this interpretation is wholly justified by the general rules concerning statutory construction and can be supported by strong reasons and conclusive arguments. We held the matter was concluded by the Martin case in the 20th Colorado which we followed. In that case this distinction was not noticed, nor was it brought to our attention in the Phillips case and we did not consider it. However this may be, as we read the latter decision, there must be found within the statute providing a remedy, a grant of the right of appeal to the tribunal which is claimed to have it, or if it is not found in that act, it must be found in some other general act conferring appellate jurisdiction. The statute providing for the appointment of a conservator of the estates of lunatics has been in force ever since the Revised *487 Statutes of 1868. It preceded the passage of the enactment giving jurisdiction to the county court, and otherwise providing for appeals from its judgments. It contains no provision for an appeal to any other tribunal. The proceeding is summary though the issue is to be submitted to a jury. Without reviewing the many cases to which our attention has been called, it has been repeatedly held that appeals are statutory unless there be constitutional provisions regulating them. With this principle no well informed lawyer will contend. It is and always has been the law. It follows there is no right of appeal in this case unless it can be found in the statute creating this court. This is the act of 1891. Thereby the right to an appeal to the supreme court was abridged and appeals allowed to the court of appeals. The ^phraseology of the statute conferring appellate jurisdiction on this court is somewhat peculiar. We had occasion to construe it with reference to the one hundred dollar clause in Livermore v. Truesdell, 7 Colo. App. 470. Therein we held, and held properly, that jurisdiction was granted to this court to review final judgments in civil actions but not in all cases, as counsel construe the opinion. We find in the very language used a limitation which was based on the phraseology of the act creating the court. Referring to the case it will be seen we say we have jurisdiction to review final judgments in all “ civil cases.” This language does not necessarily include special proceedings. The court did not intend to decide otherwise, nor as we read it, did we determine any other proposition. The limitation is exactly adapted to the provisions of section 4 of the act. Laws of 1891, page 119. Thereby this court is given jurisdiction to review final judgments of all courts of record in all civil cases, and in certain other cases which need not be referred to. It must be observed the grant of jurisdiction to this court does not ex vi termini give us jurisdiction to review these special proceedings. We took jurisdiction in the Colfax annexation proceeding, to wit, the Phillips case, for this precise question was not raised or suggested, nor was it considered by this court, or by the supreme court on *488 the appeal. It may be true we have taken jurisdiction in other special proceedings where our authority has not been questioned. But the limitations on our jurisdiction, except as to the one question of amount, has never before been the subject of direct consideration by this court. Probably both the court and the profession were of the opinion that we had jurisdiction to review all final judgments rendered in all courts and it is quite possible that we might not before the Phillips case have made an exception had the matter been directly presented. But as the matter now stands, we must concede the law of this jurisdiction is there must be a distinct grant of appellate power, and it may not be inferred from the terms of an act unless essential to the exercise of the particular or general authority granted. The precise authority to review these judgments is not conferred by that act. The terms “ civil actions,” or “ civil cases,” or “ actions at law and suits in equity ” are thus construed in Phillips v. Corbin. We are therefore compelled to hold our jurisdiction limited by the term “ civil actions ” used in section 4, and since no right of appeal, or a right to review is given in the act providing for the appointment of a conservator, we are without authority to hear and determine an appeal in such a case.
We do not hesitate to reach this conclusion because it is very plain from the Martin case, the petitioner is not without remedy and may obtain a review of the proceedings. He may sue out a writ of error to the supreme court. It was preserved by a constitutional provision and it is likewise preserved by the terms of the act creating this court. The right to apply to that court for mandamus is also unquestioned, and notwithstanding the proceedings in this court, he may go into that tribunal, file his application for the writ, and obtain its opinion whether an appeal lies to this court. If it does a peremptory writ would issue to compel the county court to grant the appeal and approve the bond which has been tendered, it being in form and substance sufficient. Under these circumstances we shall deny the writ and dismiss the application. We do it with an express reservation to the peti *489 tioner of tlie right to withdraw the papers in this court if he be so advised, and with the right so far as we are able to give it to him, to apply to the supreme court either for a writ of mandamus or certiorari, or for a writ of error as he may be advised. We put this reservation directly in the order that it may not be urged that the petitioner is concluded by these proceedings. We are very anxious to preserve and protect any rights he may have, but since we are of the opinion the appeal does not lie we must deny the application.

Application denied.