[No. 2702.]

## The Town of Fletcher v. Smith.

**Appellate Practice—Jurisdiction of Court of Appeals—Special Proceedings—Cities and Towns.**

The statute conferring jurisdiction upon the court of appeals to review the final judgments of inferior courts in civil cases applies only to final judgments or decrees in actions at law or suits in equity, and does not apply to special statutory proceedings. The court of appeals has no jurisdiction to review a judgment of the county court in a proceeding under the act (Session Laws 1901, page 386) providing for the disconnection of outlying territory from cities and towns.

*Appeal from the County Court of Arapahoe County.*

Mr. O. N. Hilton, for appellant.

Mr. C. M. Kendall and Mr. G. LeRoy Stevick, for appellee.

Wilson, P. J.

An appeal is here attempted from the decree of the county court in a special statutory proceeding providing for the disconnection of outlying territory from towns and cities.—Laws 1901, p. 386.

The question presented on motion is whether this court has jurisdiction to review the decree either on appeal or on error.

This court was created not by the constitution, but by statute, and to the statute alone we must look to determine its jurisdiction. If it has no jurisdiction within the term of the act creating it, then it has none at all. We think the matter has been positively settled by the supreme court. The act creating the court of appeals provides that it shall have jurisdiction "To review the final judgments of inferior courts of record in all civil cases and in all criminal cases not capital."—3 Mills' Ann. Stats., sec. 1002d; Laws 1891, p. 119, sec. 4.

The supreme court in considering the special proceeding based upon the act of the legislature providing for the annexation of contiguous towns and cities, has said: "The proceeding which the statute requires shall be instituted, carried on and consummated, as the means of dissolving one municipality and annexing the same to another, is unquestionably a special statutory proceeding as distinguished from an ordinary action at law or suit in equity."—*Martin v. Simpkins,* 20 Colo. 445; *Phillips v. Corbin,* 25 Colo. 66.

The act there in question, and the special proceedings for which it provided, were unquestionably of the same general character as the act and proceeding here under consideration, and the language which we have quoted is directly applicable to this proceeding. It is true that in the Simpkins case, the supreme court held that it had jurisdiction to re-

view the decree upon error, because the proceeding
was judicial in its nature, and the decree was a final
judgment, and therefore it had such jurisdiction be-
cause of a special provision of the constitution which
provided that writs of error should lie to the supreme
court for every final judgment of the county court.—
Constitution, sec. 23, art. 6.

The constitutional provision, however, does not
apply to nor affect this court. As the statute now
reads, this court is restricted and limited in its right
to review even final judgments or decrees of an in-
ferior court to those which are rendered in an action
at law, or suit in equity. By reason of the above
cited constitutional provision, the supreme court is
not so limited and restricted. In the Corbin case it
was said, "No appeal from such judgment is provided
for in the act itself, and there is no constitutional
right to an appeal from the county court to the dis-
trict court. Such right exists only when the legisla-
ture has expressly, or by clear implication, declared
in its favor.—*Callahan v Jennings,* 16 Colo. 471.
Being therefore a special proceeding, it does not fall,
as we have seen, within the class of cases over which
appellate jurisdiction is conferred upon the district
court by the act of 1885."

It is true that the court was there considering the
right of an appeal from a decree in a special proceed-
ing regarding the annexation of towns, to the district
court, but identically the same principle is involved
as in an attempted appeal in a special proceeding
from the county court to this court, and the language
is directly applicable. In the third subdivision of the
section of the act defining the jurisdiction of the court
of appeals, it is provided: "Writs of error from, or
appeals to, the court of appeals shall lie to review
final judgments, within the same time and in the
same manner as is now or may hereafter be provided

by law for such reviews by the supreme court.'' It is clear that this language refers only to such final judgments of inferior courts as the court of appeals was given the right to review by the first subdision of the section. A precisely similar question was involved in the Corbin case, and it was so held.

We must not be understood as intimating that jurisdiction to review the judgment or decree in a special proceeding which does not constitute an action at law or suit in equity might not be conferred upon this court by legislative enactment. In the absence, however, of a statutory provision to that effect, as is the case here, the contention that such jurisdiction exists cannot be upheld. Our conclusion is that this court is without jurisdiction to review, either upon appeal or on error, the decree rendered by the county court in this special proceeding, and hence the motion to dismiss must be sustained.

The appeal will be dismissed.

*Appeal dismissed.*