Wilson, P. J.
An appeal is here attempted from the decree of the county court in a special' statutory proceeding providing for the disconnection of outlying territory from towns and cities. — Laws 1901, p. 386.
The question presented on motion is whether this court has jurisdiction to review- the decree either on appeal or on error.
This court' was created'-not by the constitution, but by statute, and to the statute alone we must look to determine its jurisdiction. If it has no jurisdiction within the-term of the act creating it, then it has none at all. We think the matter has been positively settled by the supreme court. The act creating the court of appeals provides that it shall have jurisdiction “To review the final judgments of inferior courts of record in all civil cases and in all criminal cases not capital.” — 3 Mills’ Ann. Stats.,'sec. 1002d; Laws 1891, p. 119, sec. 4.
The supreme court in considering the special proceeding based upon the act' of the legislature providing for "the annexation of contiguous towns and cities, has said: ‘ ‘ The proceeding which the statute requires shall be instituted, carried oh and consummated, as the means of dissolving one municipality and annexing the same to another, is unquestionably a special statutory proceeding as distinguished from an ordinary action at law or suit in equity.” — Martin v. Simpkins, 20 Colo. 445; Phillips v. Corbin, 25 Colo. 66.
The act there in question, and the special proceedings for which it provided, were unquestionably of the same general character as the act and pro-ceding- here under consideration, and the language which we have quoted is directly, applicable to this proceeding. It is true that in the Simpkins case, the supreme court held that it had jurisdiction to re *203 view the' decree upon error, because: the proceeding was judicial in its nature, and the decree was a final judgment, and therefore it had such jurisdiction because of a special provision of the constitution which provided that writs of error should lie to the supreme court for every final judgment of the county court.— Constitution, sec. 23, art. 6.
The constitutional provision, however, does not apply to nor affect this court. As the statute now reads, this court is restricted and limited in its right to review even final judgments or decrees of an inferior court to those which are rendered in an action at law, or suit in equity. By reason of the above cited constitutional provision, the supreme court is not so limited and restricted. In the Corbin case it was said, “No appeal from such judgment is provided for in the act itself, and there is no constitutional right to an appeal from the county court to the district court. Such right exists only when the legislature has expressly, or by clear implication, declared in its favor. — Callahan v Jennings, 16 Colo. 471. Being therefore a special proceeding, it does not fall, as we have seen, within the class of cases over which appellate jurisdiction is. conferred upon the district court by the act of 1885.”
It is true that the court was there considering the right of an appeal from a decree in a special proceeding regarding the annexation of towns, to the district court, but identically the same principle is involved as in an attempted appeal in a special proceeding from the county court to this court, and the language is directly applicable. In the third subdivision of the section of the act defining the jurisdiction of the court of appeals, it is provided: “Writs, of error from, or appeals to, the court of appeals shall lie to review final judgments, within the same time.and in the same manner as is now or may hereafter be provided *204 by law for such reviews by the supreme court.” It is clear that this language refers only to such final judgments of inferior courts as the court of appeals was given the right to review by the first subdision of the section. A precisely similar question was involved in the Corbin case, and it was so held.
We must not be understood as intimating that jurisdiction to review the judgment or decree in a special proceeding wbicb does not constitute an action at law or suit in equity might not be conferred upon this court by legislative enactment. In the absence, however, of a statutory provision to that effect, as is the case here, the contention that sucb jurisdiction exists cannot be upheld. Our conclusion is that this court is without jurisdiction to review, either upon appeal or on error, the decree rendered by the county court in this special proceeding, and hence the motion to dismiss must be sustained.
Tbe appeal will be dismissed.

Appeal dismissed.