Gunter, J.
Plaintiff in error, the owner of mining claims in Teller county, filed its petition with the board of county commissioners, asking relief from an unjust assessment for taxation of said interests. The petition was denied by the board, and, on appeal, by the district court. An appeal to the supreme court from the judgment of the district court was dismissed for lack of jurisdiction. — The Pilgrim Consolidated Mining Company v. Board of County Commissioners, 32 Colo. 334. From the judgment of the district court the case is now here on error. Our jurisdiction is denied to review the judgment.
This proceeding was under a statute (Laws 1889, pp. 24, 25; 2 Mills’ Ann. Stats., secs. 3839-3842). The statute, in cases of unjust assessment, authorizes the injured party to file a petition for relief with the board of county commissioners, a hearing thereon, and an appeal from the action of the board to the district court. The district court on the appeal has the same power as the board- — that is, it may correct the unjust assessment — and in such case the county treasurer is authorized, on the filing with him of a copy of the judgment of the court, to refund the taxes of petitioner according to such judgment. A condition precedent to the tailing of the appeal is the payment *313 by petitioner of tlie taxes according to the assessment made by the board of county commissioners. Before the enactment of this statute the board of county commissioners had almost unlimited power to correct any error that might occur in assessments. — Laws 1885, pp. 317, 318; 2 Mills’ Ann. Stats., sec. 3795; Gen. Stats. 1883, sec. 2825; 2 Mills’ Ann. Stats., sec. 3777; Breeze v. Haley, 10 Colo. 5. But no appeal lay from its action to the district court or to any other tribunal. Apparently the controlling purpose of the statute under consideration was to provide for a review by the district court of the action of the board in matters of assessment. Its title reads: “To provide for an appeal from the board of county commissioners upon disallowance of petition for modification of assessment. ’ ’ When the body of the act is consulted to ascertain the appeal thus provided for, we find it to be an appeal from the board of county commissioners to' the district court. No other appeal is provided for by the act. Speaking of this act in Board of Commissioners v. Denver Union Water Company, 32 Colo. 382, our supreme court says:
“The proceeding here is neither an action at law, nor a suit in equity, but is a special statutory proceeding. It is well settled that neither a court of common law nor a court of equity has the power to give relief against the erroneous judgments of assessing bodies, except as they may be specially empowered by law to do so. — 2 Cooley on Taxation (3d ed.) 1382, at seq. The statute under consideration is the source and measure of the power and jurisdiction both of the board of commissioners and the district court to afford relief to a complaining taxpayer. The remedy thereby given is purely statutory, and exists only because the statute gives it. Thereunder the district court has not original jurisdiction of the subject-matter of the controversy contemplated, which is the *314 alleged unjust assessment, and could not in the first instance, but only by appeal, entertain the petitiop of one bringing his case within it. Whatever the rule may be in civil actions at law or in' equity, which for this state is, as declared in Mackey v. Briggs, 16 Colo. 143, it does not govern appeals from an assessing board under this act, which provides for a special procedure in which the' practice' is clearly defined. The doctrine is tersely stated by Judge Cooley, who says that the rule is well established that where an appeal is allowed to any court from an assessing body, whatever the grade of the court, it is one of limited jurisdiction for such purpose, and must keep strictly within it.”
See, also, Catron v. County Commissioners, 18 Colo. 553, 556.
We think it clear from a reading of the act of 1889, and also from the authorities, that the judgment which we are asked to review was rendered in a special statutory proceeding.' This statute conferred upon the district court upon appeal certain powers in matters of assessment theretofore - exercised by the board of county commissioners. We have also seen that the act makes no provision for a review of the judgment of the district court by error or otherwise. If we have jurisdiction of this proceeding on error, it is under subdivision 1, sec. 4, of the statute creating this court and defining its jurisdiction (Laws 1891, p. 119; 3 Mills’ Ann. Stats. [Rev. Supp.], sec. 1002d); Town of Fletcher v. Smith, 18 Colo. App. 201; In re People’s Savings Bank, 18 Colo. App. 294. Such statute of 1891 provides that this court shall have jurisdiction “to review the final judgments of inferior courts of record in all civil cases and in all criminal cases not capital.” Does this general act empower this court to review on error the judgment rendered in this special statutory proceeding? At the common *315 law the judgment in such a proceeding could not be reviewed on error or by appeal. “It is a well-settled rule in most jurisdictions that where a tribunal exercises a special, limited jurisdiction conferred by statute, and in which the procedure is not according to the course of the common law, no appeal lies from its action, unless such appeal is expressly provided by statute.” — 2 Cyc. Law & Procedure, p. 540. Hadley v. Fish, 3 Colo. 51, 52, decided before the above statute came into existence, was an attempt to have the supreme court of the territory review on error a judgment of the county court in a special statutory proceeding contesting the right to hold the office of justice of the peace. The writ was dismissed; the court holding that a common-law writ of error did not lie, except to judgments rendered in proceedings according to the course of the common law. See, also, Vance’s Heirs v. Rockwell, 3 Colo. 240. In Lusk v. Kershow, 17 Colo. 481, 484, and Phillips v. Corbin, 25 Colo. 62, the court construed section 1085,1 Mills ’ Ann. Stats., which provides, “Appeals may be taken to the district court of the same county from all final judgments and decrees of the county court, * # * ” and held that it provided only for appeals from the judgment of the county court rendered in the exercise of its ordinary civil jurisdiction, and not for appeals from judgments in special statutory proceedings. This court, in Town of Fletcher v. Smith, Supra, in commenting upon the Corbin case, said:
“It is true that the court was there considering the right of an appeal from a decree in a special proceeding, regarding the annexation of towns, to the district court; but identically tbe same principle is involved as in an attempted appeal in a special proceeding from the county court to this court, and the language is directly applicable.” — See, also, Martin v. Simpkins, 20 Colo. 438.
*316 Shapter v. County Court, 13 Colo. App. 484, 488, was an attempt to have this court take jurisdiction of an appeal from an order of the county court appointing a conservator of a lunatic. In Town of Fletcher v. Smith, supra, an appeal was attempted to this court from the judgment of the county court rendered in a special statutory proceeding providing for the disconnection of outlying territory of towns and cities. Jurisdiction was contended for by the appellants in such cases under the statute of 1891; they claiming such proceedings to be civil cases, within the meaning of those words as used in the statute. This court declined jurisdiction in both cases; holding that such actions, being special statutory proceedings, were not civil cases within the meaning of such words in the statute.
We a,re clearly justified, we think, in concluding that the act of 1891 does not confer jurisdiction upon this court to review special statutory proceedings. This court and the supreme court have in several cases taken appellate jurisdiction of judgments rendered in proceedings such as the one before us; but, as said by the supreme court in The Pilgrim Consolidated Mining Company v. Board of County Commissioners, and in Board of Commissioners v. Denver Union Water Company, the jurisdictional question now under consideration was not raised in any one of such cases. In the two last-mentioned cases the supreme court, while not feeling called upon to decide this question, of its own motion expressed serious doubt as to our jurisdiction. The statute creating the special proceeding under which the judgment sought to be reviewed was rendered makes no provision for a review by error or appeal of such judgment. No other statute provides for such review.
*317 We are without jurisdiction of this writ of error. It must be dismissed. Dismissed.