[Nos. 4726, 4727.]

THE BOARD OF COUNTY COMMISSIONERS OF TELLER COUNTY v. THE PINNACLE GOLD MINING COMPANY, A CORPORATION.

M. B. LYSIGHT, COUNTY ASSESSOR, AND THE BOARD OF COUNTY COMMISSIONERS OF TELLER COUNTY, COLORADO, v. THE C. K. & M. MINING COMPANY, A CORPORATION.

**Taxation — Courts — County Commissioners—Assessors—Erroneous Assessments—Appeals.**

The statute concerning appeals to the district court from the assessor and from the board of county commissioners, is similar to the previous law upon this subject passed in 1889, and no provision is made therein for an appeal from the district court. —P. 493.

*Appeals from the District Court of Teller County. Hon. Robert E. Lewis, Judge.*

Appeal by the board of county commissioners of Teller county, in the first case, and by M. B. Lysight, county assessor, in the second case, from the judgment of the district court reducing the assessments of The Pinnacle Gold Mining Company.

Decision *en banc.*                    *Dismissed.*

Mr. C. S. THOMAS and Mr. SCOTT ASHTON, for appellants.

Messrs. McALLISTER & GANDY, for appellees.

Mr. Justice Bailey delivered the opinion of the court:

The above cases are two of a series involving identical issues.

One of the appellees filed a petition with the board of county commissioners of Teller county, praying for relief against what they deemed to be an unjust and excessive valuation placed by the assessor upon their nonproductive mining claims in Teller county. The commissioners refused to interfere with the assessment, and the case was taken to the district court of that county by appeal.

The other appellee filed a like petition directly with the district court, and by stipulation the cases were tried together. The district court reduced the assessment made by the assessor, and the board of commissioners and the assessor bring the actions here upon appeal.

This court has not jurisdiction to entertain this appeal.

The statute concerning appeals to the district court from the assessor and from the board of county commissioners is similar to the previous law upon this subject, passed in 1889. There is no provision for an appeal from the district court.

This question was before the court of appeals in the case of *The Pilgrim Consolidated Mining Co. v. The Board of County Commissioners of Teller County*, 20 Colo. App. 311, and that court, in a very carefully prepared opinion, determined that neither appeal nor writ of error would lie from the judgment of the district court. We are inclined to follow the opinion of the court of appeals.

There have been a number of similar cases brought to this court and to the court of appeals, either upon appeal or writ of error, in which the action of the district court has been reviewed.

These cases afford no precedent by which we are to be controlled, the question of jurisdiction not having been raised or brought to the attention of the court.

For the reasons above set forth, these actions will be dismissed by the court, upon its own motion, for lack of jurisdiction to entertain the appeal.

Decision *en banc*.                    *Dismissed.*