Thomson, P. J.
This suit was brought in the county court of Chaffee county, where the plaintiffs had judgment. The defendant was allowed thirty days within which to perfect an appeal.to the district court. At the expiration of that period he procured an order granting him twenty days further time for his appeal; and at the end of the twenty days, another order, extending the time ten additional days. Within the last extension, his appeal bond was filed and approved. When the cause reached the district court, the plaintiffs moved for a dismissal of the appeal, for the reasons that the appeal bond was not filed within the time required by the statute, and that the several orders extending the time for appeal were made without notice to them or their attorney. The motion was supported by affidavit, showing that no notice had been given to the plaintiffs or their attorney of the application for either order. The attorney of the defendant filed a counter-affidavit, stating that before the lapse of the thirty days, and at the time of malting the first application, he wrote a letter from Colorado Springs to the plaintiffs’ attorney at Buena Vista, advising the latter of the'application. The appeal was dismissed, and the defendant has brought the case here by writ of error.
An application for an order is a motion. Written notice of motions is required in all cases, except where a party is a nonresident and absent from the state, and except in case of motions made during the progress of a trial. Civil Code, secs. 371, 372. The motions in this case were not within either of the exceptions. It was shown by affidavit that both orders were made without notice. The statement of the defendant’s attorney, that he had advised the opposing counsel by mail of the application for the first order, does not amount to proof of notice. No copy of the letter is before us, nor is the language given by which it is claimed that information of the application was conveyed; but even supposing the letter contained such notice as would satisfy the requirements of the code, any presumption that it was received by the plain *231 tiffs’ attorney is rebutted by Ms affidavit that he had no notice. But allowing the defendant the full benefit of the alleged letter there was no attempt to show that any notice whatever was given of the second application. Without notice, or facts amounting to a waiver of notice, the court had no jurisdiction to entertain the motion, or grant the order. When the appeal bond was filed the defendant had lost his right to appeal, and the sustaining of the motion to dismiss the appeal was compulsory upon the district court. See Reeves v. Best, decided at the present term of this court, ante, p. 225.
The judgment is affirmed.

Affirmed.