Cunningham, Presiding Judge.
Emma C. Chain died, leaving an estate of several thousand dollars. She left a will, naming Charles A. Erickson, a personal friend and legatee, as executor. The plaintiff in error, a brother, to whom the testatrix bequeathed but $5.00, instituted a contest, alleging unsound mind and undue influence. After some delay, and one or more continuances, the contest was finally brought on for hearing before the county court. The contestant appeared in person, his attorneys, who had represented him in preparing and filing the caveat, having withdrawn their appearance, for some reason not explained, and not important. Evidence was offered by contestees to support the validity of the will. The contestant offered no evidence whatever. Thereupon the county court made an order admitting the will to probate, and noted contestant’s exceptions, and his prayer for an appeal to the district court. The order admitting the will to probate was entered July 19, 1910, at which time contestant was given fifteen days to file his appeal bond. On August 1, 1910, before the expiration of the fifteen days, the judge of the county court, %oitl%out notice, extended the time, for. filing the appeal bond until August 8, 1910. Thereupon contestant filed his appeal bond on August 8, 1910. On August 23rd, the appeal was dismissed in the district court, for the reason, apparently, that the same had not been perfected within ten days — the time fixed by section 1537, Revised Statutes.
This statement of the facts, though by no means complete, is sufficient to enable a proper disposition of *388 the question presented on this appeal, i. e., whether or not the action of the trial court in dismissing the case was proper.
Section 1537, R. S. (1898), prescribes conditions upon which appeals are allowed from the county to the district court, and reads, in part, as follows:
“No appeal shall be allowed in any case unless the following requisites be complied with: First, the appeal must be made within -ten days after the judgment is rendered, * * * PROVIDED, HOWEVER, That the county court may, at any time within the period above limited, upon good cause shown, extend" the time for an appeal.”
As we understand the contention of counsel for defendants in error, the trial judge had no authority, under this statute, in the first instance, to give the contestant fifteen days, rather than ten days, in which to perfect his appeal by filing an appeal bond, or, if such time, i. e., fifteen days, was given, still, if the contestant desires an extension he must apply for the same within the ten days fixed by the statute. This contention, we think, is not sound. The contestant, under the statute, had ten days in which to make his appeal, without any order of the court whatever; that is to say, the statute gave him that time. The county court immediately, at the time of the entering of-its judgment, is authorized by statute to give the contestant fifteen days, or any other reasonable length of time, beyond the ten days, providing, of course, the same was upon good cause shown, and it goes without saying if, at the time the judgment was entered, the court did- extend the time beyond the statutory period of ten days, its action was taken within the time fixed by the statute, viz., ten days. In the absence of timely and proper objection made to the order of the court in giving the contestant fifteen days in which to file his bond, the same having been made within the proper time, *389 we must assume that it was made upon proper showing, hence the action of the county court in that behalf must be approved.
Moreover, the court had a right, upon proper notice, to further'extend the time given the contestant- in which to perfect his appeal, providing he, the contestant, applied for such further extension within, not the ten days fixed by the statute, but the fifteen days fixed by the, court in its original order. But the action of the county court in granting a second extension of time, i. e., extending the time to August 8th, appears to have been made without notice to the defendants in error, and for that reason said order was void, and the district court’s action-in dismissing the appeal was proper, even though it was not based upon that ground.
Section 405 of our Civil Code reads as follows:
“Every direction of a court or judge, made or entered in writing, and not included in the judgment, is denominated' an order. An application for an order is a motion. ’ ’
Section 406, in part, reads' as follows j
“* * * Written notice of motion shall be required in all cases except those made during the progress of a trial.”
It was expressly ruled in Reeves v. Best, 13 Colo. App., 225, 56 Pac., 985, that:
“The county court has no authority to extend the time for filing an appeal bond on appeal to the district court, unless the opposite party has notice of the application for such extension, and where the time for filing such bond was extended without notice to the opposite party, and the bond was filed after the expiration of the statutory time, but within the time as extended, the appeal was properly dismissed by the district court upon motion. ’ ’
*390 The Reeves case was followed in Van Duzer v. Caskie, 13 Colo. App., 229, 56 Pac., 986. So far as we know, the ruling in these two cases has never been disturbed by either of our appellate courts.
After the district court had once dismissed the appeal, the county court, on August 27th, 1910, on application duly made, attempted to amend or alter its order of July 19th, by directing its clerk to amend the record of the original order, “so that said order shall show sixty days from said 19th day of July, 1910, to be allowed contestant for filing his appeal bond to perfect his appeal from the order of court entered on the 19th day of July, 1910,” etc. This attempted amendment of the order, not having been applied for within the original fifteen days, was void. It may be, as the county court found, that this last application was made within term time, i. e., within the term at which the original order was entered, but it was not made for the purpose of correcting any inadvertence, nor is there anything in the record to indicate that the court did not intend to make its order of July 19th precisely as it was at that time made. The last order, we think, was made for the purpose of attempting to avoid the fatal blunder which contestant had committed by having his time extended to August 8th, without notice. However commendable the action of the county judge may have been, from the standpoint of generosity, in his last order to relieve the contestant from his own failure to give notice of his application for the second extension, still, it may not be upheld by us without violating well recognized rules of practice.
The judgment of the district court is affirmed.

Judgment Affirmed.