## No. 9543.

### CHAMBERLIN v. THE PEOPLE ET AL.

1. PRACTICE—*Transfer of Cause Pending in District Court from Division—Notice Required.* An order transferring a civil cause from the division of the District Court where it is pending, to another division, made without notice, is without effect, unless a waiver express or implied is shown.

NEITHER the presence in court of the parties, nor that the order was made upon the motion of the court would obviate the necessity of notice.

THE parties are not under duty to appear in the division to which such removal is made.

2. ——*When Parties Are Present.* A cause had been continued to the ninth of the month. There being no continuance to the tenth, *held* that the parties were not technically in court on the thirteenth.

3. ——*Revocation of Order of Removal*, may be made by the judge who enters it, or by his successor, at any time before the order approving it is entered of record in the division to which the removal is made.

*Error to Denver District Court, Hon. Greeley W. Whitford, Judge.*

*En banc.*

Judgment reversed.

Mr. A. M. STEVENSON, for plaintiffs in error.

Mr. HENRY MCALLISTER, JR., Mr. WILLIAM V. HODGES, Messrs. BARTELS & BLOOD, Messrs. PERSHING, NYE FRY & TALLMADGE, Mr. EDGAR D. WILSON and Mr. GEO. E. TRALLES, of counsel.

Mr. HENRY A. LINDSLEY, Mr. H. E. LUTHE and Mr. FREDERICK SASS, for The People.

Mr. JOHN S. MACBETH, for Charles Austin Bates, trustees for the second and third bondholders.

Opinion by Mr. Justice Denison.

THE plaintiffs in error were found guilty of contempt in the Fifth Division of the Denver District Court and bring error.

December 30th 1918, the Honorable John I. Mullins, sitting in the Second Division of the District Court of Denver, entered an order in the case of *Bankers Trust Company v. The Colorado Yule Marble Company* removing the receiver, one Manning, appointed Chamberlin instead, and announced that all of the "present pending litigation shall be continued until my successor in office takes his position in this court." Thereupon, and from time to time thereafter, orders of continuance were entered and on the 8th of January the case was continued to the 9th.

No order of continuance was made on the 9th. On the 10th, the following order was made:

"At this day on the Court's own motion, it is ordered that this cause be and the same is hereby continued for hearing until the 13th day of January, 1919."

On January 13th, the last day of the September term of court and the last day of Judge Mullins' term of office, he entered in said case and other related cases, the following order:

"It appearing from the records of this Court that said causes have been continued from day to day and the parties are in court; .

It is ordered by the Court that said causes are hereby transferred to Division 5 of the District Court before the Honorable Greeley W. Whitford; it appearing to the Court at this time that the Civil Divisions of this Court are so congested with business and the importance of the cases are such, that the Court believes it is for the ends of justice that the said cases be transferred to the said division, and the same are set before the Honorable Greeley W. Whitford in Division 5 of the District Court for January 14, 1919, subject to the orders of said Court."

On the 14th of January the Hon. Clarence J. Morley became the successor of Judge Mullins in Division 22, and the Hon. Greeley W. Whitford assumed the duties of Judge of Division 5; and on that day there was found on the desk of the Clerk of the Second Division, and by him placed in the files of the case, the following paper, bearing no date:

"To the Clerk of the District Court, Division 2.

I hereby accept the transfer and assignment to this Division, of Cases No. 62623, *The Bankers Trust Company v. The Colorado-Yule Marble Company;* No. 67606, *Radetsky v. The Board of County Commissioners, Gunnison County,* and 67620, *Grimes v. Radetsky.*

GREELEY W. WHITFORD,
Judge Division 5."

On the 20th of January, Judge Morley, in the Second Division, entered an order vacating said order of January 13th, and on February 20th revoked the order removing the receiver, Manning, removed the new receiver, Chamberlin, and reappointed Manning. On the same day, February 20th, Chamberlin obtained in the 5th Division a citation for contempt, directed to Manning and his Attorney, S. D. Crump; and on the 4th of March, after hearing, the Judge of the 5th Division found the respondents guilty of contempt and sentenced them to a term in jail.

Rule 8 A of the District Court is as follows:

"The Judge of any civil division may, of his own motion, upon notice to all parties, or upon stipulation of all parties made in writing, or orally in open court, or upon written motion of any party heard upon due notice, order the transfer to another civil division of any case pending in his division; but no such transfer shall be effective unless the Judge of the division to which the case is ordered transferred, shall, in his discretion, by order entered of record, approve such transfer."

The fifth division is not a civil division, there was no notice of the order of January 13th transferring the cases, nor was any order entered of record in Division 5 approving the same.

Passing the question whether, under this rule, any case, without the consent of the parties, could be transferred to the criminal division at all, it is clear that the order was not binding on parties without notice unless there was express or implied waiver, which is not shown; and this is true both under the rule and under the code.

Code 1908, §§ 405-6.  *Nance v. The People,* 252 Colo. 252, 54 Pac. 631, and many other cases in this court and the Court of Appeals.

It will be seen that there was no continuance from the 9th to the 10th of January, and consequently the parties, on January 13th, were not technically in court by virtue of the continuances, and they were not actually there, but, if they had been, and assuming the truth of the recital that they were, neither that nor the fact that the order was made on the court's motion nor the fact that the court might lawfully transfer the case against their protest would obviate the necessity of notice, unless their conduct implied a waiver.

Again: either Judge Mullins or his successor, Judge Morley, could revoke the order of transfer at any time before the order approving it was entered of record in Division 5, which seems never to have been done.

It follows that Judge Morley's order of revocation and therefore his other orders were valid, the cases remain in Division 2, the respondents in Division 5 were not in contempt and the judgment of the district court in that division should be reversed.

Something was said in argument about our former holding in these matters.  The question of Judge Mullins' jurisdiction to remove the receiver, Manning, was under consideration on application for prohibition and on certiorari, and we held he had jurisdiction, but the questions now determined were not then before us.

*People ex rel. Manning v. District Court,* Nos. 9513 and 9516, decided at the present term.  179 Pac. 808.

We take the liberty of saying that the function of the court is to decide aright, that of attorneys is to aid it in so doing and that unnecessary attacks on the conduct or motives of the judge or parties in the court below, such as we find in the briefs in this case, do not aid but seriously hinder us in reaching a right decision.

Mr. Justice Bailey dissents.