### No. 9546.

### RANSOM *v.* HOLLAND.

1. BILL OF EXCEPTIONS—*Time of Tender—Extension.* Under the Act of May 28th, 1911 (Laws of 1911 c. 6), an extension of the time for tender of a bill of exceptions can be granted only within the sixty days fixed by the statute for the allowance of the bill.

Excuses offered by counsel for their delinquency, rejected.

Rule 9 of this court has no relation to bills of exception.

2. PRACTICE—*Order Made Without Notice* to the Adversary Party of the application, is without effect.

*Error to the Denver District Court, Hon. Julian H. Moore, Judge.*

*Department Two.*

#### On Motion to Strike Bill of Exceptions.

Mr. GEORGE Q. RICHMOND, for plaintiffs in error.

Mr. JOHN H. GABRIEL, Mr. F. W. SANBORN and Mr. HERBERT M. MUNROE, for defendant in error.

Opinion by Mr. Justice Denison.

DEFENDANTS in error move to strike the bill of exceptions upon the ground that it was not signed within the time allowed by law nor within any extension lawfully granted.

Final judgment was rendered May 28, 1918, and ninety days allowed for bill of exceptions. August 20th and several times thereafter the time was extended. November 22nd it was extended without notice of the motion for extension, and December 17, 1918, within said last extension, the bill was tendered for signing.

The defendant in error makes two points—first, that the statute, Session Laws 1911, page 9, permits an extension to

be granted only within the sixty days fixed by statute for the allowance of the bill; and second, that the order of extension of November 22nd was made without notice and therefore void.

We think defendant in error is right in both of these contentions.

The first point is settled by the act itself, which is unambiguous, and by comparing it with the previous act (S. L. '87, 205), of which it is an amendment.

The court below thought Rule 9 of the Supreme Court governed this case. We think that rule has nothing to do with bills of exceptions.

As to the second point, this court has many times held that an order without notice of motion was invalid. The last case was *Manning v. People,* at the present term.

It is urged that counsel for defendant in error were advised from time to time, as the applications were made, that additional time might be necessary because the reporter might not be able to complete the work. Such advices do not constitute the notice required by the code.

It is urged that plaintiffs in error deposited the money to take the case to the Supreme Court and made payment upon the assumption that they would be given the right to take the case to the Supreme Court, that to enforce the statute would work a great hardship, and that at the time of the last extension the court directed the Clerk to notify the attorneys for the defendant in error by telephone, but that he was unable to find them. These points, when analyzed, amount merely to excuses for disobeying the law.

We regret that we must grant the motion.

Motion to strike bill of exceptions granted.

Garrigues, C. J., and Scott, J., concur.