# September Term, 1920

## No. 9562.

PEOPLE EX REL. NATIONAL SURETY CO. ET AL. *v.* SHUMATE, DISTRICT JUDGE.

1. JUDGES—*Order Without Notice.* An order made without notice, calling another judge to preside at a trial, if it be regarded as under code sec. 31 concerning change of venue, is without effect, even though made on the court's own motion.

2. *Calling Another Judge.* An order inviting the assistance of another judge under sec. 1478 R. S. 1908, is revocable at any time before the invited judge takes charge.

Mr. T. J. O'DONNELL, Mr. G. W. MUSSER, for petitioners.

Mr. CHARLES W. TAYLOR, Mr. S. N. WHEELER, Mr. J. W. DOLLISON, Mr. S. HARRISON WHITE, for respondent.

*En banc.*

Mr. Justice Denison delivered the opinion of the court.

THE respondent was judge of the district court of the ninth district.

IN the case of The Board of County Commissioners of Garfield County v. Sheely and The National Surety Company, pending in that district, it was suggested to him that he was prejudiced and that a motion would be made for another judge. Afterwards one of the attorneys for the defendant company, as appears in an order entered February 13, 1918, requested him to waive the motion and call another judge without it. He consented to do this and in October or September, 1917, requested another judge to act, having announced to counsel for plaintiff that that would be done and his reasons for so doing, and the other judge consented.

February 13, 1918, without notice to defendant's attorneys, he entered an order "that the order heretofore made requesting" another judge to act be rescinded, and ordered defendants to make a motion and showing as to his prejudice.

The defendants now move for a writ of prohibition on the ground that the order calling another judge was made under § 31 of the code, was equivalent to a change of venue, and deprived the respondent of further power in the case.

On the other hand it is urged that the calling of another judge was a mere request under R. S. Sec. 1478, which could be revoked at any time, that it was revoked, and that in any event it deprived the respondent of no power over the case.

There was no notice of motion to change venue and no appearance against it and we do not find anything in the record constituting a waiver.

An order without notice is without effect.

*Manning v. The People,* 66 Colo. 249, 180 Pac. 748; *S. C. Chamberlin v. People,* 66 Colo. 249, 180 Pac. 748, consequently, the order calling another judge, if it be regarded as

under the code § 31, was without effect even though made on the court's own motion. If it be regarded as under Rev. Stat., § 1478, it was revocable at any time before the invited judge took charge. It was revoked.

It follows that the respondent judge did not lose jurisdiction over the case, and the writ of prohibition must be denied.

If the relators, defendants in the case below, desire to raise the question of the propriety of the further consideration of the case by the respondent, they can do so by motion with proper notice. Rule to show cause discharged.