## No. 10,712.

### BOARD OF COUNTY COMMISSIONERS OF DELTA COUNTY *v.* POUNDSTONE.

Decided November 5, 1923.

Proceeding under the eminent domain act.   Appeal from county to district court, dismissed.

*Affirmed.*

*On Application for Supersedeas.*

1. EMINENT DOMAIN—*Special Proceeding.*  A proceeding under the eminent domain act is a special proceeding.

2. APPEALS—*County to District Court—Eminent Domain.*  An action under the eminent domain act is a special statutory proceeding, to which section 5776, C. L. '21, concerning appeals has no application, and no appeal lies from county to district court in such cases.

*Error to the District Court of Delta County, Hon. Straud M. Logan, Judge.*

Mr. MILTON R. WELCH, for plaintiff in error.

Mr. W. H. BURNETT, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THE instant case is a proceeding brought under the Eminent Domain Act. It was instituted in the county court of Delta county by the board of county commissioners of that county to acquire a strip of land for a public highway. There was a jury, and an award of $385 as compensation to the respondent land owner. Judgment on the verdict was entered. Upon motion of the petitioner or condemnor, the county court granted an appeal to the district court. Thereafter, on motion of the respondent, the district court dismissed the appeal on the ground that no appeal is allowed by law from the county court to the district court in proceedings brought under the Eminent Domain Act. The petitioner has sued out this writ of error; the cause is before us on its application for a supersedeas. The dismissal of the appeal is assigned as error.

Section 23, article 6, of the state Constitution provides that appeals may be taken from county to district courts, or to the Supreme Court, in such cases and in such manner as may be prescribed by law. It is also provided in that section that county courts shall have such jurisdiction as may be conferred by law.

Section 5767 C. L. 1921, provides that county courts shall have concurrent jurisdiction with the district courts in all civil actions, suits and proceedings whatsoever, except as otherwise provided.

Section 5776 C. L. 1921, so far as material here, reads as follows: "Appeals may be taken to the district court of the same county, from all final judgments and decrees of the county court, * * * by any person aggrieved by any such final judgment or decree; * * *."

It is the contention of the plaintiff in error that irrespective of the Eminent Domain Act, which confers jurisdiction on the county court in condemnation proceedings, the county court has jurisdiction under section 5767 C. L. 1921, above cited, and for that reason an appeal lies under sec-

tion 5776 C. L. 1921.   This contention is untenable. Neither of these sections apply to special statutory proceedings.

In *Lusk v. Kershow,* 17 Colo. 481, 30 Pac. 62, it was held that section 5776, *supra,* there referred to as "the act of 1885," does not apply to judgments in probate proceedings. The court said: "An examination of the act of 1885 shows conclusively that it relates exclusively to appeals from judgments of the county court, rendered in the exercise of its ordinary civil jurisdiction."

The above quotation appears in *Phillips v. Corbin,* 25 Colo. 62, 49 Pac. 279, in support of the holding that no appeal lies from the county court to the district court in proceedings brought under chapter 156 S. L. 1893, relating to the annexation of contiguous towns and cities.   A proceeding under the annexation act was there said to be "a special statutory proceeding, as distinguished from an ordinary action at law, or suit in equity."

In *Tripp v. Overocker,* 7 Colo. 72, 1 Pac. 695, it was said that a proceeding under the Eminent Domain Act "is a special proceeding, and differs in many respects from our ordinary civil action."   To the same effect is 20 C. J. 873, where it is also said that the proceeding is not one according to the course of the common law.

The instant case being a special statutory proceeding, we must hold, consistently with *Phillips v. Corbin, supra,* that the statute relating to appeals, section 5776 C. L. 1921, has no application in this case.   The district court was right in dismissing the appeal.·   The application for supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.