## No. 10,808.

### KINNEY, Trustee v. YOELIN BROTHERS MERCANTILE CO.

Decided December 3, 1923.

On motion to strike bill of exceptions.

*Motion Denied.*

1. JUDGMENT—*Final—New Trial.* A motion for a new trial which is not heard, is automatically overruled at the end of the succeeding term at which it is filed, and the judgment becomes final at that date.

2. BILL OF EXCEPTIONS—*Presentation.* Where the trial court within 60 days after judgment in the case became final, upon its own motion extended the time for allowance of a bill of exceptions, and the objections were overruled and the bill allowed within that time, a motion to strike the bill as not filed within time, is denied.

3.    *Objections Waived.* Where an extension of time within which to settle a bill of exceptions is ordered in the presence of attorneys for both sides on a day to which the hearing on the allowance had been duly continued, no objection being made because the order was entered without notice, it will be deemed waived.

4. APPEAL AND ERROR—*Presence of Attorneys.* Where the record shows the continuance of a hearing to a specified time, it is held that the attorneys were technically present at that date, if not so actually.

5. NEW TRIAL—*Suspension of Judgment.* The fact that a cause is determined on a question of law, is no reason why a motion for new trial duly filed, did not suspend the finality of the judgment.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. FREDERICK P. CRANSTON, for plaintiff in error.

Mr. HARRY SOBOL, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

DEFENDANT in Error moves to strike bill of exceptions because not filed within sixty days after final judgment nor within any extension lawfully granted. Code 1921, § 420; *Mosher v. Lustick,* 66 Colo. 455, 182 Pac. 886; *Ransom v. Holland,* 66 Colo. 420, 182 Pac. 885.

The judgment was rendered February 1, 1923. February 5th, a motion for new trial was filed which was never heard and was therefore automatically overruled at the end of the next succeeding term, which was May 12, 1923. The judgment, therefore, became final on that date. *Bates v. Woodward,* 66 Colo. 555, 185 Pac. 351. The bill was tendered June 15th, within the statutory sixty days. June 29th plaintiff filed written objections, claiming the bill was too late because more than sixty days after February 1st. July 3rd, on sufficient notice, the plaintiff in error moved for settlement of the bill and the objections thereto. This hearing was continued to July 6th. On July 6th the court of its own motion extended the time for allowance of the bill to September 28th, when the objections were overruled and the bill allowed.

It is clear that the motion must be denied. The extension to September 28th was granted July 6th, within sixty days after May 12th, the date of final judgment.

The point is made that this order of extension was without notice, but it was made in the presence of attorneys on both sides on a day to which the hearing on allowance had been duly continued and no objection was made. This was a waiver. Neither the previous objection, then pending, based on the claim that final judgment was on February 1st, nor the subsequent objection made on September 28th was enough to overcome this waiver.

It is urged that the record does not show that attorneys for defendant in error were present when the extension was granted, but the record does show a continuance to that day and the attorneys were therefore technically present if not so actually. This distinguishes this case from *Chamberlin v. People,** 66 Colo. 249, 180 Pac. 748.

The point is made that the motion for new trial did not

suspend the finality of the judgment because only a question of law was decided below and a motion for a new trial is for a new trial only on questions of fact. *Armstrong v. Gresham,* 70 Colo. 502, 202 Pac. 706. That might be a good reason for overruling the motion for new trial, or for holding it unnecessary, but it is no reason for saying that it does not suspend the judgment.

Motion denied.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.

---

* This case is cited as *Manning v. People* in *Ransom v. Holland, supra.*