## No. 10,688.

### CHARLES *v*. SPROTT, ET AL.

Decided March 3, 1924.

Proceeding involving an appeal from county to district court. Appeal dismissed.

### *Reversed.*

1. JUDGMENT—*Practice and Procedure.* Where a complainant is nonsuited and a motion for directed verdict in favor of defendant on his counterclaim is sustained, the better practice is to enter the orders separately, and not as a part of the judgment.

2. *Motion for New Trial—Effect.* A motion for new trial filed in apt time suspends the judgment so that it becomes final only when the motion is overruled.

3. PRACTICE AND PROCEDURE—*Appeals—Bond.* Where there are counterclaims in an action, the claim and counterclaims constitute one case; one judgment for the balance found due is the proper practice, and a bond to secure the judgment effects an appeal of the whole case.

*Error to the District Court of Mesa County, Hon. Thomas J. Black, Judge.*

Messrs. VINCENT & VINCENT, for plaintiff in error.

Messrs. McMULLIN & STERNBERG, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE district court dismissed the appeal which the plaintiff in error took from the county court and the case is brought here by him for review.

Charles sued Sprott in the Mesa county court, and Sprott filed a counterclaim. At the close of plaintiff's evidence the court sustained a motion for nonsuit on the complaint and a motion for a directed verdict for $300 in favor of defendant on the counterclaim. The judgment was for defendant for $300 and costs. The above orders seem to have been entered as if they were part of the judgment. It is better practice to enter them separately.

This judgment was rendered December 19, 1922. Within the statutory five days plaintiff filed a motion for a new trial which was heard and overruled January 10, 1923, and on the 16th plaintiff filed his bond on appeal to the district court. The appeal was dismissed on the ground that it had not been "made" within ten days after the judgment as required by statute. This was an error. The plaintiff in error claims that the judgment was one of nonsuit, and that upon such a judgment he was required to move for a new trial before he could appeal at all (C. L. §§ 5776 and 5777), and that within ten days from the overruling of his motion he perfected his appeal. Be that as it may, it is immaterial. He had a right to move for a new trial and did so. The motion suspended the judgment, so that it became final only when the motion was overruled, January 10th (*Bates v. Woodward*, 66 Colo. 555, 185 Pac. 351; *Kinney v. Yeolin Bros. Co.*, 74 Colo. 295, 220 Pac. 998), and the appeal was perfected within ten days thereafter.

Objection is made that the appeal bond was insufficient because it refers only to the judgment for $300 and not to the judgment on the complaint. The objection is not good. When there are two or more causes of action for damages, upon a verdict for plaintiff it is proper to render one judgment for the whole amount recovered whether upon one

or more causes of action, so when there are counterclaims all the claims and counterclaims constitute one case and one judgment for the balance found due is the proper practice, therefore the bond to secure the judgment for $300 effected an appeal of the whole case.

The judgment is reversed and the district court is directed to reinstate the appeal and proceed with the case.

Mr. Chief Justice Teller and Mr. Justice Whitford concur.