## No. 11,810.

### GAVIN *v.* KNIFFEN.

Decided April 4, 1927.

On motion to strike bill of exceptions.

### *Motion Denied.*

1. TIME—*Bill of Exceptions.* When the time for tendering a bill of exceptions expires on Sunday, it is extended to the following Monday, on which day the court has power to further extend the time.

2. NOTICE—*Motion—Waiver.* An attorney, who in response to a telephone call, attends the hearing of a motion to extend the time for filing a bill of exceptions without at that time making any objection to the lack of written notice as required by the Code, waives the failure to give notice.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, for plaintiff in error.

Mr. JOHN H. VOORHEES, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error moves to strike the bill of exceptions. The motion must be denied. The judgment was rendered December 15, 1926; sixty days were given for a bill of exceptions. This time expired February 13, 1927, which was Sunday, therefore the time was extended till Monday, the 14th. *Elliott Co. v. Courtright Co.,* 67 Colo. 449, 451, 182 Pac. 882; Code 1921, sec. 417. An order extending the time was obtained that day. The court had power to make this order. Code 1921, § 420; *Ransom v. Holland,* 66 Colo. 420, 182 Pac. 885.

The defendant in error claims that the said order was a nullity because he had no notice of the motion. The facts are that he was called to court by telephone and attended. He objected that the motion was not made in time, but he did not then object to the lack of written notice as required by the Code. We do not think he can now make that objection.

In *Ransom v. Holland, supra,* the order was made without any notice whatever, and without the presence of the opposing attorney. In *Mogote-Northeastern Co. v. Gallegos,* 69 Colo. 221, 193 Pac. 670, we held that the objection that such motion came too late might be waived and was waived unless the objection was stated, and it would seem that the failure to give notice might with equal justice be said to be waived in the same way.

Motion denied.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.