No. 16,158.

NILES ET AL. *v.* SHINKLE.
(204 P. [2d] 1077)

Decided March 21, 1949. Rehearing denied April 18, 1949.

Mr. Roy A. Payton, Mr. Warren W. Lattimer, for plaintiffs in error.

Messrs. Bellinger & Faricy, for defendant in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

Niles offered for probate in the county court of Pueblo county a purported will of Florence Kolbe, deceased. Shinkle filed caveat. The issues thereby tendered were tried to a jury which by its verdict found that the testatrix was under undue influence of Niles at the time of making the will, and the court pursuant thereto, on March 27, 1947, ordered that probate of the will be denied and gave the proponent fifteen days in which to file motion for new trial or take other action. On April 12, 1947, the sixteenth day thereafter, motion for a new trial was received in the mail and filed in the county court.

The caveator promptly filed motion to dismiss the motion for new trial on the ground that it was not filed within the time allowed by the court and therefore the court had no jurisdiction to entertain it. On September 12, 1947, the motion to dismiss was denied by the county court and the motion for new trial set for hearing on September 19, when, without appearance by caveator, the court denied the motion and fixed the amount of bond for appeal. On September 25, proponent filed her appeal bond, approved by the clerk of the county court on the same day, for appeal to the district court of the judgment of March 27 denying probate of the will. Thereupon the caveator brought this action in the district court, in the nature of certiorari, setting out in his complaint the record and judgment of the county court and alleging that under the provisions of Rules 6(b) and 59C(b) of the Colorado Rules of Civil Procedure

the county court had no jurisdiction to make its order denying motion to dismiss.

Upon the matter coming up for hearing before the district court, it was there determined that the respondent, the county court of Pueblo county, was without jurisdiction to·sustain or deny proponent's motion for a new trial for the reason that it was not filed within the time required by law, and that any action taken with respect to it was- without jurisdiction and void. Pursuant to such finding it was ordered that said motion for new trial in the county court be quashed and dismissed.

The one issue here urged is the asserted error of the district court in its order holding the county court without jurisdiction to entertain the motion for new trial, and the entire argument, other than a statement of the facts, submitted by plaintiff in error is as follows:

"Briefly stated, it is the contention of plaintiff in error that since the County Court is allowed under the Rules of Practice to enlarge the time for presenting a motion for new trial, upon motion therefor, it is likewise allowed, upon its own motion, with counsel for both parties present in open court, to grant the enlarged period in the first instance.

"The County Court proceeded properly and within its jurisdiction; the District Court was in error in its judgment of October 21, 1947."

The obvious answer to this contention is that plaintiff in error did not act within the enlarged period which the court granted her. This fact is ignored.

██ ██ But let us go beyond the one point mentioned in the brief. Upon the entry of the order of the county court denying probate of the will, Niles had the option, (1) to appeal to the district court, or (2) to seek review on error in this court. In case of the choice of appeal and trial de novo in the district court, our Rules of Civil Procedure do not supersede the provisions of the statutes. This is specifically declared in rule 81(c). In such case, under chapter 46, section 166, '35 C.S.A.,

the appeal must be made within ten days after the judgment is rendered, provided that the county court may, within the period thus limited, upon good cause shown, extend the time for an appeal, and the appellant must, within the time above limited, or within such further reasonable time as shall be fixed by the court, file his undertaking on appeal.

In the instant case, the county court effectively extended the time for taking the appeal to fifteen days. *Wellmuth v. Rogers,* 25 Colo. App. 386, 138 Pac. 69. However, there is no statutory provision for filing motion for new trial in the county court; the appeal must be made within the statutory or extended time "after the judgment is rendered," and a motion for new trial, even if made in apt time, does not extend the period provided or allowed for appeal to the district court. *Slattery v. Robinson,* 7 Colo. App. 22, 42 Pac. 179. Niles' appeal bond was not filed within the fifteen days allowed by the court, nor until almost six months after the entry of judgment, and his appeal was properly dismissed by the district court.

In electing to seek review of the order of the county court directly by writ of error in this court, Niles' procedure was regulated by Rules 6 and 59 of the Rules of Civil Procedure. Under rule 59 C(b) a motion for new trial shall be filed not later than ten days after the entry of judgment, except when based on newly discovered evidence, which was not the ground of the motion in this case. However, under Rule 6(b), when such an act is required to be done within a specified time, the court "for cause shown may, at any time in its discretion (1) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect."

██ ██ We assume that the extension of time to fifteen days after the entry of judgment was properly made by the court. *Wellmuth v. Rogers, supra.* However, the motion for new trial was not made within the fifteen-day period so allowed. It is contended only that on the fifteenth day the original motion was deposited in the United States mail for delivery to the court. Such delivery was not a filing. *Roberts v. Sims,* 111 Okla. 1, 237 Pac. 852. To constitute a filing, "The deposit of it with the clerk, with intent that he should retain it, he being in any sufficient manner notified of this purpose, is the essential thing." *Eldred v. Malloy,* 2 Colo. 20. Under authority of Rule 6(b) (1), upon application prior to the expiration of the fifteen days, the court "for cause shown" might further have extended the time to permit such filing; but no such showing or application therefor was made. Under authority of Rule 6(b) (2), even after the expiration of the extended period the court might have permitted the filing to be made, upon motion, with showing that the failure to act was the result of excusable neglect, but no such showing or motion therefor was made. Authority for the court to permit a paper to be filed upon cause shown and on motion therefor, in the case of excusable neglect, is certainly not authority for such filing without permission of the court, without cause shown, and without motion therefor.

The requirement that a motion for new trial must be filed within the time permitted by statute or allowed by the court is jurisdictional. As we said in *Martin v. Bower,* 100 Colo. 43, 63 P. (2d) 510, "This court has uniformly held that the failure to file such motion within the time provided by section 238 of the Code or within the extended period fixed by the court for so doing, is fatal to the right of review." Such being the case, the county court was without jurisdiction to entertain the motion for new trial filed after the time allowed by the court; such motion should have been stricken

from the files, and any other action taken thereon by the county court was a nullity.

The district court accordingly did not err in ordering the county court to quash the motion for new trial and in dismissing the attempted appeal of the judgment of the county court.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD, MR. JUSTICE HAYS and MR. JUSTICE HOLLAND dissent.