No. 17,958.

BARDAHL MANUFACTURING CORPORATION, ET AL. *v.*
DISTRICT COURT OF JEFFERSON COUNTY, ET AL.

(300 P. [2d] 524)

Decided August 6, 1956.

GRANT, SHAFROTH & TOLL, for petitioners.

CAROSELL, THRASHER & VARNEY, Mr. ABE L. HOFFMAN,
for respondents.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the
Court.

THIS matter relates to an original proceeding entitled

a "COMPLAINT FOR ORDER TO SHOW CAUSE. OR RELIEF IN THE NATURE OF PROHIBITION." After a preliminary review we issued an "ORDER TO SHOW CAUSE" and now consider the matter upon the record and briefs submitted. The controversy now before us primarily concerns the attempt to secure personal service of a complaint and summons on two foreign corporations by serving an alleged agent who contends he is an independent contractor, and, whether attempts to contest such service have constituted general appearances.

Complainants were two of the three defendants below, William R. Watson being the third defendant. The record shows that one Charles V. Settlemeyer, d/b/a Settlemeyer Distributing Company, filed his complaint in the District Court of Jefferson County, Colorado, in Civil Action Number 10,188. He alleged a breach of contract by a wrongful termination of an exclusive Bardahl statewide distributorship, charged conspiracy and sought damages, a preliminary injunction and a receivership. Watson was personally served on December 19, 1956, in Colorado, as an individual defendant and as the alleged agent of complainants.

Counsel for complainants immediately sought on their behalf *only* to transfer the action to the United States District Court in Colorado. On January 16, 1956, this was denied when that court granted Settlemeyer's Motion to Remand to the Colorado Court.

On January 18, 1956, Settlemeyer filed and served a Motion for Default with Notice. On the same date defendant Watson filed his Motion to Dismiss and these complainants filed their Motion to Quash — the latter appearance being ." * * * specially and only for the purpose of this motion and not consenting to the jurisdiction of the court over the defendants. * * * "

The Motion for Default was heard on January 23, 1956. There was some argument presented on the three motions and the court entered an order denying the default as well as the Motions to Dismiss and Quash. The

court then stated, however, that the defendants could have ten days in which to file any motions they desired since complainants' counsel stated he had not been heard on his motion even though he had presented some phases thereof. The court then modified its denial of the motion as later set forth herein.

Settlemeyer contends that the appearance in federal court and the appearance to contest his Motion for Default constituted a general appearance by complainants.

After Watson's new Motion to Dismiss and complainants' new Motion to Quash were filed in accordance with the trial court's express order, Settlemeyer filed a Motion to Strike both pleadings. The Motion to Strike was granted by a judge other than the one who had heard the original Motion for Default.

We need not discuss other matters raised here for we believe the trial court at the second hearing clearly abused its discretion under Rule 106 (a) (4), R.C.P. Colorado, in granting the Motion to Strike. Complainants' counsel were entitled to rely on the statement of the first trial judge clarifying and interpreting his order wherein he said in part:

"MR. SHAFROTH: There is the motion that is pending there, your Honor, to quash the service of process, and I think we might well be precluded from arguing it further at a later time; and it goes to the very substance, the ultimate fact, in the case, whether this Court has jurisdiction over these defendants. The affidavits that are in this record clearly show, and the Colorado cases are innumerable, that this Court has no jurisdiction over those defendants.

"THE COURT: The Court feels that since this motion to remand has been granted, the pleadings now are in their original condition; that if you desire to file a further motion to quash or any motion you desire, you may do so and have that heard probably at a subsequent time. But at the present time the case is in the same status as it was at the time of the original filing of the complaint,

other than the fact that there is no more chance, I suppose, of its being remanded to the Federal Court.

"MR. SHAFROTH: However, I want to point out —

"THE COURT: So you may file whatever motion you wish, but you must do so within the 10 days, file whatever motions you wish and then, of course, they can be set down.

"MR. SHAFROTH: These motions to quash were filed in the state court and not the federal court.

"THE COURT: That is true. But where the federal court has had, or has been requested to take jurisdiction, and they remand it without any further order other than the order that is in this Court, the Court feels that the case is now back in its original position, and that any motions you wish to file —

"MR. SHAFROTH: Including the motion to quash?

"THE COURT: Including the motion to quash, a motion to dismiss, or any motions that are competent. But they must be filed within 10 days, so there will be no further delay; and if they are not filed within 20 days, for you to answer in behalf of all of the defendants.

"MR. CAROSELL: Just one thought in respect to the motion to dismiss submitted by the counsel in behalf of Watson, which is a general appearance and you have denied it, I'm just wondering if they may make another motion to dismiss.

"THE COURT: If they desire to do so under the ruling of the Court, which is that we feel the case is back in its original status, perhaps that better be done. However, we feel that at the present time, except for that motion to dismiss, the defendant Watson is in danger of default if it is properly shown at the time. But that will have to be dated from the time that this motion is entered, as of today, giving him 10 days to file any further motion.

"MR. CAROSELL: Would your Honor amplify his statement there?

"THE COURT: Everybody, all the defendants, will

have 10 days to file whatever motions they desire. The plaintiff then of course can go ahead and set them down for hearing, or whatever has to be done. Ten days will be granted for all motions; and then 20 days to answer, if those motions are not filed by the defendants, and that means all of the defendants."

To hold otherwise would deny to complainants equal protection of the law and their rights to be fully heard on the question of jurisdiction of the court over these two defendants. Obviously if before trial they can disprove proper service they may avoid long and expensive litigation whether favorable or unfavorable in final results as to their position. They are entitled to raise this defense now by motion and if unsuccessful to also later urge it by way of answer.

The Rule is made absolute and the cause remanded with instructions to the trial court to hear and determine the Motion to Dismiss and the Motion to Quash.