## No. 18,939.

M. RICHARD ANDREWS, ETC., ET AL. *v.*
HOWARD L. LULL, ET AL.
(341 P. [2d] 475)

Decided June 29, 1959.   Rehearing denied July 20, 1959.

Messrs. SHAFER & NEWCOMB, for petitioner M. Richard Andrews.

Mr. CECIL R. DITSCH, for petitioners Burt, Bradberry and D. M. & E. Construction Company, Inc.

Mr. WILLIAM R. YOUNG, for respondents.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS is an original proceeding.

Complainants were defendants in a civil action filed by Harold L. Lull in the County Court of Arapahoe County, Colorado. After *trial* to the court on October 9, 10, 1958, the trial judge took the matter under advisement and entered his written Findings of Fact, Conclusions of Law and a Judgment of Dismissal against Lull on October 14, 1958. On October 23, 1958, Lull filed a motion for new trial which was denied November 11, 1958. On November 21, 1958, Lull filed with the County Court his undertaking with surety pursuant to C.R.S. '53, 37-6-11 (2), for the purpose of appealing the judgment to the District Court. On December 3, 1958, the Judge of the County Court filed all of the papers relating

to the action with the Clerk of the District Court of Arapahoe County.

It is asserted by complainants that their motion filed in the District Court to dismiss the appeal on the sole ground that the District Court lacked jurisdiction should be granted on the ground, "That at no time from and after October 14, 1958, did respondent herein request, nor did the said County Court grant, any extension of time for an appeal to the aforesaid District Court." The District Court denied the motion. It is alleged that such denial violates C.R.S. '53, 37-6-11 (1), and that the District Court will proceed without jurisdiction with a trial *de novo* unless restrained and prohibited by this court from so doing.

Complainants state that it was thirty-eight days after the judgment before Lull filed his appeal bond and had it approved; that "Since the judgment * * * in the County Court was neither a nonsuit nor a default, the filing of a motion for new trial did not operate to extend the time for perfecting the appeal."

Respondents' position is that the filing of a motion for a new trial extends the statutory time permitted to appeal to the district court by suspending the judgment.

■ As to the relief sought in this original proceeding, we have held it to be proper where a trial court is proceeding, or threatens to proceed, without jurisdiction. Among the recent cases so holding are: *Bardahl v. Dist. Ct. County of Jefferson* (1956), 134 Colo. 112, 300 P. (2d) 524; *Solliday v. Dist. Ct. City and County of Denver* (1957), 135 Colo. 489, 313 P. (2d) 1000, and *Toll v. Denver* (Colo.), decided June 15, 1959.

C.R.S. '53, 37-6-10, provides:

"Appeal to district court, when. — Appeals may be taken to the district court of the same county, from all final judgments and decrees of the county court, except judgments by confession, by any person aggrieved by any such final judgment, or decree; provided, that no appeal shall be taken from a judgment by default, or of

nonsuit unless, within ten days after the rendition of such judgment, application shall have been made to the court, by the party aggrieved, to set the same aside, and such application shall have been refused."

C.R.S. '53, 37-6-11, states in pertinent part:

"Conditions upon which appeal allowed. — No appeal shall be allowed, in any case, unless the following requisites be complied with:

"(1) The appeal must be made within ten days after the judgment is rendered, or when judgment is by default, or nonsuit, within ten days after the refusal of the county court to set aside the default, or nonsuit, and grant a new trial; provided, that the county court, at any time within the period above limited, upon good cause shown, may extend the time for an appeal.

"(2) * * *."

R.C.P. Rule 81 (c) states:

"(c) Appeals from County to District Court. These rules do not supersede the provisions of the statutes of this state now or hereafter in effect relating to appeals from final judgments and decrees of the county court to the district court."

C.R.S. '53, 37-6-12, provides for the filing of the original process, pleadings and other papers with the clerk of the district court and for the docketing of the action in that court in appeals allowed under 37-6-10 and 37-6-11.

C.R.S. '53, 37-6-13, provides that "In all appeals provided for in section 37-6-12, the proceedings in the appellate court shall be de novo in all respects."

C.R.S. '53, 37-6-14, states:

"No appeal to district court in appealed cases. — Nothing in sections 37-6-10 to 37-6-13 shall be construed to authorize or allow the taking of any appeal to the district court, from any judgment given in the county court on an appeal from a justice of the peace."

In addition to the above statutes and rule considered

by the parties in their briefs, the Colorado Constitution in Article VI, Section 23, provides in pertinent part:

"Appeals may be taken from county to district courts, or to the supreme court, in such cases and in such manner as may be prescribed by law. Writs of error shall lie from the supreme court to every final judgment of·the county court. No appeal shall lie to the district court from any judgment given upon an appeal from a justice of the peace."

■ Before considering the authorities relating to the precise problem at issue here we point out that the appellate jurisdiction of district courts from final judgments of county courts applies only to judgments rendered in ordinary civil actions. No such jurisdiction exists in special statutory proceedings. *Phillips v. Corbin* (1898), 25 Colo. 62, 49 Pac. 279 (annexation statute); see also *Delta Co. v. Poundstone* (1923), 74 Colo. 191, 220 Pac. 234 (condemnation proceedings). Also, that the right of appeal from a county court to a district court is *statutory* and not constitutional. *Callahan v. Jennings* (1891), 16 Colo. 471, 27 Pac. 1055.

■ We can sum up the status of further proceedings after a final judgment in the county court by saying that the constitution permits all litigants to go direct to the supreme court by writ of error from the county court, and the legislature has properly provided by statute, pursuant to constitutional authority, an alternate procedure by appeals to the district court and trial *de novo* except upon judgments entered upon appeals from the justice of the peace courts. And, this court has interpreted this statute to apply only to ordinary civil actions.

We thus must consider, since motions for new trials have been long recognized at common law, whether one can be filed within the ten day statutory period and if so what its effect is.

*Slattery v. Robinson* (1895), 7 Colo. App. 22, 42 Pac. 179, decided before the adoption of our present Rules of Civil Procedure, and the dicta in *Niles v. Shinkle* (1949),

119 Colo. 458, 204 P. (2d) 1077, decided after the present rules were adopted, state that the filing of the motion without securing an express extension of time does not result in staying the judgment. *Charles v. Sprott* (1924), 75 Colo. 90, 224 Pac. 222, cited by respondents held to the contrary and we expressly overrule it. The latter case cited *Bates v. Woodward* (1919), 66 Colo. 555, 185 Pac. 351, and *Kinney v. Yoelin Bros. Co.* (1923), 74 Colo. 295, 220 Pac. 998, as authority, but those cases did not so hold. Other authorities relied upon by respondents related to the finality of *district* court judgments so are not in point.

Our review of the authorities leads us to the conclusion that strict statutory rules of construction (see 82 C.J.S. 893, 894, Section 382; page 694, Section 345; pages 689-90, Section 344; and page 874, Section 376) provide that nothing can be added by way of construction to a statute which is clear and unambiguous.

However, the common law right (see "A Treatise on the Law of New Trials, in Cases Civil and Criminal," Vol. 1, by Graham, 1855; *Burns Bros., et al. v. Cook Coal Co.* (1930), 42 F. (2d) 109; and *Gunn v. Union R. Co.* (1901), 23 R.I. 289, 49 A. 999, at page 1001), to file a motion for new trial, now incorporated in our Rules of Civil Procedure, is not prohibited by the statute in question and if allowed does not *supersede* any statutory requirement. It is merely an addition thereto and we conclude it is proper to file such a motion.

The effect of the motion, however, is something else. If a litigant desires to sue out a writ of error he, of course, files his motion and proceeds under the Rules of Civil Procedure. If he desires to appeal to the district court for a trial *de novo* and wishes also to file a motion for a new trial, he must either have his motion acted upon within the statutory ten day period or secure an extension of time to lodge his appeal as the statute specifies.

Lull having secured no such extension of time, waived his right to appeal to the district court.

The rule to show cause is made absolute.

MR. JUSTICE MOORE specially concurring and MR. JUSTICE DOYLE dissenting.

MR. JUSTICE DOYLE dissenting:

I respectfully disagree with the conclusion reached by the majority that the district court lacked jurisdiction and that the rule to show cause should be made absolute. My difference with the majority opinion stems from my interpretation of the statute that a motion for new trial may properly be filed following the rendition of a judgment of the county court. On this premise the respondent Lull satisfied the requirements of C.R.S. 1953, 37-6-11, which provides that the appeal from the county court must be made within 10 days after the judgment is "rendered." The reasons for my conclusions are as follows:

*First,* I am opposed to dismissals on procedural grounds resulting in forfeiture of substantial rights unless the jurisdictional requirement is plainly set forth and is clearly shown to have been violated.

*Second,* the statute in question is ambiguous and requires most careful and strict construction in order to arrive at the majority result. It is, of course, open to the construction which the majority give it in that it does not specifically authorize the filing of a motion for a new trial. At the same time, it is also open to the construction that a motion for a new trial under Rule 59 can be filed in the absence of an express prohibition in the statute. This construction is just as logical as that which has been adopted. This ambiguity makes the majority decision the more unfair. There should be warning of the existence of jurisdictional problems so as to avoid entrapment of the innocent and unwary. There is only one authoritative decision on the question which is being

decided and that is *Charles v. Sprott,* 75 Colo. 90, 224 Pac. 222, opinion by Mr. Justice Denison (which is now being overruled). It involved exactly the same fact situation and the ruling was contrary to the position which is being taken by the Court today. The Court said:

" * * * This judgment was rendered December 19, 1922. Within the statutory five days plaintiff filed a motion for a new trial which was heard and overruled January 10, 1923, and on the 16th plaintiff filed his bond on appeal to the district court. The appeal was dismissed on the ground that it had not been 'made' within ten days after the judgment as required by statute. This was an error. The plaintiff in error claims that the judgment was one of nonsuit, and that upon such a judgment he was required to move for a new trial before he could appeal at all (C.L. §§ 5776 and 5777), and that within ten days from the overruling of his motion he perfected his appeal. Be that as it may, it is immaterial. He had a right to move for a new trial and did so. The motion suspended the judgment, so that it became final only when the motion was overruled, January 10th *(Bates v. Woodward,* 66 Colo. 555, 185 Pac. 351; *Kinney v. Yeolin Bros. Co.,* 74 Colo. 295, 220 Pac. 998), and the appeal was perfected within ten days thereafter. * * * "

The views of Justice Denison on matters of procedure have always commanded respect and the respondent herein had a perfect right to rely upon our continued adherence to this decision.

The authority relied upon by the majority, namely, *Niles v. Shinkle,* 119 Colo. 458, 204 P. (2d) 1077, does not support their conclusion. That case holds that jurisdiction was lost as a result of the failure of the litigant to file his motion for new trial within 10 days or within the extended period fixed by the county court. Impliedly, at least, it recognizes that the motion for new trial is proper procedure in the county court even though an appeal to the district court is contemplated.

*Third,* the majority opinion amounts to promulgation of a new rule of procedure. If this new rule were to be given prospective effect only, its unfairness would be less palpable. When, however, such a new rule is promulgated incident to a case, it results in hardship not only to the litigants whose rights are forfeited but also to other litigants who have in good faith followed the procedure of filing motions for new trial in the belief that they were proceeding properly. If the statute ought to be implemented in this manner, the court should in fact promulgate a new rule along the line of the decision.

*Fourth,* there is bound to be great confusion as a result of the majority opinion since it authorizes a motion for a new trial if review by writ of error to this Court is contemplated, whereas the motion for new trial is not allowed (unless by express authorization of the county court) where an appeal to the district court is intended. What orders should a county court enter in order to protect a litigant who desires to file such a motion? This kind of complexity is out of harmony with present day procedural philosophy.

*Fifth,* it is desirable, as a matter of policy, to allow a motion for new trial or for rehearing in order to give the county court an opportunity to re-evaluate and reconsider its judgment, and it is desirable that such a motion serve to stay proceedings. Thus a labored effort to eliminate such motions is not in order. The only reason of policy that the majority opinion promotes is that of convincing the bar that the rules *will* be enforced. I doubt that it will be effective in this respect.

For the reasons expressed, I respectfully dissent from the views contained in the majority opinion.