Mr. Justice Moore
delivered the opinion of the Court.
We will refer to plaintiffs in error as the city council and to the defendant in error as applicant.
On September 2, 1958, the applicant filed with the city council two applications for 3.2% beer licenses under provisions of C.R.S. ’53, 75-1, as amended. The usual and necessary steps were taken before the city council and after due notice and hearing the applications were denied. The applicant, under the pertinent statutory provisions, filed its petition in the nature of certiorari in the county court of Arapahoe county. In that court denial of the licenses was upheld and judgment, which became final October 20, 1959, was entered accordingly. Thereafter the applicant purported to appeal to the district court, where the case was heard and the judgment of the *98 county court reversed, the court holding that the city council had abused its discretion and acted arbitrarily in denying the applications for said licenses. The city council seeks review of the district court judgment by writ of error.
No question was raised in the district court concerning the jurisdiction of that tribunal to entertain the purported appeal, and is not raised by counsel in this court. Where, however, lack of jurisdiction appears upon the face of the record, it is our duty to take cognizance thereof. Where a tribunal has no jurisdiction over the subject matter of a controversy, a purported judgment dealing therewith is a nullity, and jurisdiction cannot be conferred either by failure of counsel to raise the point or by stipulation.
The pertinent statutory authority governing appeals from the county to the district court is C.R.S. ’53, 37-6-10, which provides, inter alia, that:
“Appeals may be taken to the district court of the same county, from all final judgments and decrees of the county court, except judgments by confession, by any person aggrieved by any such final judgment, or decree;
37-6-13 provides that in all such appeals the proceedings in the district court, “shall be de novo in all respects. * * * ”
Under a series of decisions by this court, extending over a long period of time, it is clear that under the circumstances shown by the record here the district court had no jurisdiction to entertain the appeal. The granting or denial of a license to sell alcoholic beverages, and the procedures prescribed for review of administrative decisions of such licensing authority, are special statutory proceedings and there is no provision in such statutes authorizing a trial “de novo” in the district court following a review by certiorari in the county court.
The appellate jurisdiction of district courts from final judgments of county courts applies only to judg *99 merits rendered in ordinary civil actions. No such jurisdiction exists in special statutory proceedings. This rule is well established in Colorado. See Phillips v. Corbin, 25 Colo. 62, 49 Pac. 279; Board of County Commissioners v. Poundstone, 74 Colo. 191, 220 Pac. 234; Selk v. Ramsey, 110 Colo. 223, 132 P. (2d) 454; Andrews v. Lull, 139 Colo. 536, 341 P. (2d) 475.
The rule is aptly stated in 4 C.J.S. 116, §22c:
“As a general rule, where a special statute creates a new remedy, not according to the course of the common law, to meet a new situation, and an appeal is not given by the special law creating the procedure, no appeal lies, and general provision relating to appeals are ordinarily inapplicable. * * * ”
The judgment of the county court in the review proceedings is the only final judgment ever entered in this action. No writ of error has ever issued directed to that judgment and the time within which a review thereof might be sought has long since expired.
The judgment of the district court is reversed and the cause remanded with directions to vacate the judgment and dismiss the purported appeal.
Mr. Justice Day and Mr. Justice Doyle not participating.